

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable B.F. Howell
County Auditor
Upton County
Rankin, Texas

Opinion No. 0-2272
Re: Salaries of County Commissioners
under Article 2350, Vernon's An-
notated Civil Statutes.

We are in receipt of your request for an opin-
ion upon the following situation:

"Article 2350 of the Revised Statute of
1925 as amended by Acts of 1935, 44th Legisla-
ture, provided that within certain valuations
commissioners of the county shall be fixed by
the Commissioners Court of that County.

"It appears that same might be construed
to mean that the salary of a commissioner of
the County could be fixed according to the as-
sessed valuation of the year from which he re-
ceived his compensation.

"For example: The assessed valuation for
the year 1939 for a county, which fell between
$10,000.01 and less than $13,000,000 would be
for $1600.00. A commissioner would be entitled
to draw his $1600.00 upon the 1939 assessed
value for the year 1939 out of taxes collected
for that year.

"Will your department be so kind as to ren-
der us an opinion on above mentioned facts in
order to clearify the payment of salaries to
Commissioners in this county."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable B. F. Howell, Page 2

It is our opinion that Articles 2350, 2350 (1) and 2350 (2) of Vernon's Annotated Civil Statutes provide the answer to your question. They read as follows:

Article 2350:

"In Counties having the following assessed valuations, respectively, as shown by the total assessed valuations of all properties certified by the county assessor and approved by the Commissioners Court, for county purposes, for the previous year, from time to time, the County Commissioners of such counties shall each receive annual salaries not to exceed the amounts herein specified, said salaries to be paid in equal monthly installments, at least one-half, and not exceeding three-fourths, out of the Road and Bridge Fund and the remainder out of the General Fund of the county; said assessed valuations and salaries applicable thereto being as follows:

| "Assessed Valuations | Salaries to be paid each Commissioner |
|---|---|
| $6,000,001 and less than $10,000,000 not to exceed | . . . . . . . .$1400.00 |
| $10,000,001 and less than $13,000,000 not to exceed | . . . . . . .$1600.00 |
| $13,000,001 and less than $20,000,000 not to exceed | . . . . . . .$1800.00 |
| $20,000,001 and less than $30,000,000 not to exceed | . . . . . . .$2250.00 |
| $30,000,001 and less than $78,000,000 not to exceed | . . . . . . .$2400.00 |
| $78,000,001 and less than $130,000,000 not to exceed | . . . . . . .$3400.00 |
| $130,000,001 and less than $150,000,000 and to exceed | . . . . . . .$3600.00 |
| $150,000,001 and over | . . . . . . . . .$4200.00 |

"In counties having assessed valuation of less than Four Million Five Hundred Thousand Dollars ($4,500,000) each commissioner shall receive Five

Dollars ($5) per day for each day served as commissioner, and a like amount when acting as ex-officio road superintendent in his Commissioner's Precinct, providing in no event shall his total compensation exceed Nine Hundred Dollars ($900) in any one year.

"In counties having assessed valuation of more than Four Million Five Hundred Thousand and One Dollars ($4,500,001) and less than Six Million Dollars ($6,000,000) each Commissioner shall receive Five Dollars ($5) per day for each day served as commissioner, and a like amount when acting as ex-officio road superintendent in his Commissioner's Precinct. Provided in no event shall his total compensation exceed Twelve Hundred Dollars ($1200) in any one year."

Article 2350 (1):

"The salary of each county commissioner and each County Judge may be paid wholly out of the County General Fund or, at the option of the Commissioners Court, may be paid out of the County General Fund and out of the Road and Bridge Fund in the following proportions: County Judge not to exceed seventy-five per cent (75%) of such salaries may be paid out of the Road and Bridge Fund, and the remainder out of the General Fund of the County, and each County Commissioner's salary may, at the discretion of the Commissioners Court, all be paid out of the Road and Bridge Fund; provided this Section shall not apply except in counties where the constitutional limit of twenty-five cents (25¢) on the One Hundred Dollars ($100) is levied for general purposes."

Article 2350 (2):

"The Commissioners Court at its first regular meeting each year shall, by order duly made and entered upon the Minutes of same Court, fix the salaries of the County Commissioners for such year, within the limits as provided for in this Act."

Honorable B.F. Howell, Page 4

It will be noted that Article 2350 provides that where counties have certain assessed valuations, the County Commissioners of these counties shall each receive a salary not to exceed a fixed maximum sum dependent upon the amount of the assessed valuations. The significant provision for the purpose of this opinion is the phrase, "for the previous year." The language of the statute is clear and explicit to the effect that the annual maximum salaries of commissioners in counties affected are to be based on the total assessed valuations of county properties for the year preceding the payment of the salaries.

Taking the total assessed valuation of a county for the year 1939 as falling between the figures $10,000,01 and less than $13,000,000, it follows from the obvious application of Article 2350 that this valuation could only be the basis for the 1940 salaries to be paid commissioners in that county, as such total assessed valuation in 1939 would be that of the year previous to 1940. In this case, the 1940 salary would be an amount not to exceed $1600.00. The 1939 salary would not have this figure as a ceiling unless the assessed valuation of the county for 1938 was between $10,000.01 and $13,000,000.

Article 2350 (2) states that the Commissioners' Court at its first regular meeting each year shall fix the salaries of the County Commissioners "for such year, within the limits as provided for in this Act."

"The limits" referred to in Article 2350 (2) are plainly set out in Article 2350. If the total assessed valuation of a county for the preceding year falls within any of the monetary brackets established in the latter article, then the salary sum for that particular bracket automatically becomes the maximum amount the county commissioners may receive as annual compensation the subsequent year.

The County Commissioners' Court is only authorized to base the salaries of the current year upon the total assessed valuation of the preceding year.

Honorable B. F. Howell, Page 5

Article 2350 (1) indicates the county funds from which the salaries of the County Commissioners may be paid and the proportions in which such monies may be used.

In answer to your specific question, it is our opinion that Article 2350, Vernon's Annotated Civil Statutes, cannot be construed to mean that the salary of a County Commissioner could be fixed by the County Commissioners' Court according to the total assessed valuation of the county for the year for which the Commissioner receives the compensation; but on the other hand, the statute plainly and unambiguously provides that the salary of a County Commissioner, as set out in it, be paid on the basis of the total assessed valuation of the county for the year previous to that year for which the salary is to be paid to the County Commissioner.

Trusting that we have fully answered your inquiry, we are

                                    Yours very truly

                                    ATTORNEY GENERAL OF TEXAS

APPROVED MAY 31, 1940

                              By

                                    Dick Stout
FIRST ASSISTANT                     Assistant
ATTORNEY GENERAL

DS:ob
Enclosures



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN